UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 08-cv-02389-WYD

FREDERICK W. BAYER,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

# ORDER

## I.   INTRODUCTION

THIS MATTER is before the Court on review of the Commissioner's decision that denied Plaintiff's application for supplemental security income ["SSI"] payments under the Social Security Act ["the Act"]. For the reasons stated below, this case is reversed.

## II.   FACTUAL BACKGROUND

On August 1, 2005, Plaintiff filed an application for benefits under Title XVI of the Act, alleging disability beginning April 26, 2005. (Administrative Record ["R."] 10D, 469.) Plaintiff's claim was denied at the initial determination stage. (*Id.* 10D, 33, 41-43.) An administrative law judge ("ALJ") held a hearing on August 2, 2007. (*Id.* 465-505.) In a written decision dated August 30, 2007, the ALJ concluded that Plaintiff was not disabled from August 1, 2005, through the date of the decision. (*Id.* 10O.).

Specifically, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 1, 2005, the application date. (R. 10F, Finding 2.) The ALJ

determined at step two that, taking into consideration substance abuse, Plaintiff has severe impairments of bipolar disorder, substance abuse, degenerative disc disease, and bilateral carpal tunnel syndrome. (*Id.* Finding 3.) At step three, he found that these impairments did not meet or equal one of the listed impairments. (*Id.* 10g, Finding 4).

The ALJ then determined Plaintiff's residual functional capacity ["RFC"]. He found that taking into account Plaintiff's substance abuse, Plaintiff has the RFC for significantly less than the mental demands required by competitive remunerative work on a sustained and consistent basis at any exertional level. (R. 10H, Finding 5.) He further found that Plaintiff was almost 50 years old on the date the application was filed, defined as an individual closely approaching advanced age. (*Id.* 10I, Finding 7.) Plaintiff has at least a high school education and his job skills are not transferrable. (*Id.*, Findings 8 and 9.) At step four, the ALJ found that with the above RFC Plaintiff was unable to perform any past relevant work. (*Id.*, Finding 6.) Further, there are no jobs existing in significant numbers that Plaintiff can perform. (*Id.*, Finding 10.)

Next the ALJ assessed whether Plaintiff would be disabled if he stopped the substance abuse. He found that if the substance abuse was stopped, Plaintiff's degenerative disc disease and bilateral carpel tunnel syndrome would cause more than a minimal impact on Plaintiff's ability to perform basic work activities; thus, Plaintiff would continue to have severe impairments. (R. 10J, Finding 11.) However, he found that Plaintiff's bipolar disorder would not be severe. (*Id.* 10J.) As to the severe impairments, the ALJ found that they did not meet or equal one of the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. (*Id.*, Finding 12.)

The ALJ found as to Plaintiff's RFC that if he stopped substance abuse, he could lift and carry up to 10 pounds frequently and up to 20 pounds occasionally and to sit, walk, and/or stand for an unlimited period, except he would need an opportunity to change positions on an as needed basis. He found that Plaintiff should climb, balance, crawl, kneel, stoop, or crouch only occasionally and that his ability to reach with either upper extremity above shoulder level is limited to occasionally. In all other respects, he found that Plaintiff was not functionally limited. (R. 10J and 10K, Finding 13.)

Finally, the ALJ found that if Plaintiff stopped using drugs and alcohol he could not perform his past work but that there were a significant number of other jobs in the national economy that Plaintiff could perform. (R. 10M and 10N, Findings 14 and 16.) The ALJ then found that because Plaintiff would not be disabled if he stopped the substance abuse, his substance abuse disorder was a contributing factor material to the determination of disability. (*Id.* 10O, Finding 17.) Thus, he found that Plaintiff has not been disabled at any time from the date of his application. (*Id.*)

The Appeals Council declined to review the ALJ's decision. (R. 6-9). Hence, the ALJ's decision is the final administrative decision, and this case is ripe for judicial review pursuant to 42 U.S.C. § 405(g).

III. ANALYSIS

    A. Standard of Review

A Court's review of the determination that a claimant is not disabled is limited to determining whether the Commissioner applied the correct legal standard and whether the decision is supported by substantial evidence. *Hamilton v. Sec. of Health and*

*Human Servs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990). "It requires more than a scintilla of evidence but less than a preponderance of the evidence." *Gossett v. Bowen*, 862 F.2d 802, 804 (10th Cir. 1988).

"Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

      B.    <u>Whether the ALJ's Decision is Supported by Substantial Evidence</u>

Plaintiff first argues that the ALJ did not correctly assess the materiality of the substance abuse. He asserts that the correct application of the law to the ALJ's existing findings establishes that substance abuse is not material and a finding of disabled is required. He also argues that the ALJ's finding that Plaintiff's bipolar disorder was not severe in the absence of substance abuse is not supported by substantial evidence, the ALJ failed to properly weigh the opinions of medical expert Dr. Dusay, and that the ALJ selectively applied the evidence presented by Dr. Dusay.

Turning to my analysis, this appeal turns on whether the ALJ's decision that the substance abuse disorder was a contributing factor material to the determination of disability and that Plaintiff was thus not disabled is supported by substantial evidence. The Social Security Act provides that "[a]n individual shall not be considered to be

disabled for purposes of this subchapter if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C); *see also Drapeau v. Massanari*, 255 F.3d 1211, 1214 (10th Cir. 2001).

"Under the regulations, the key factor the Commissioner must examine in determining whether drugs or alcohol are a contributing factor to the claim is whether the Commissioner would still find the claimant disabled if he or she stopped using drugs or alcohol." *Drapeau*, 255 F.3d at 1214 (citing 20 C.F.R. § 416.935(b)(1)). "[T]he ALJ must evaluate which of plaintiff's current physical and mental limitations would remain if plaintiff stopped using alcohol, and then determine whether any or all of plaintiff's remaining limitations would be disabling." *Id*.

If the ALJ finds that the claimant would still be found disabled if he or she stopped abusing alcohol, "then the alcohol abuse is not a contributing factor material to the finding of disability." *Drapeau*, 255 F.3d at 1214-1215 (citing § 416.935(b)(2)(ii)). "If, however, the claimant's remaining impairments would not be disabling without the alcohol abuse, then the alcohol abuse is a contributing factor material to the finding of disability." *Id*. at 1215 (citing § 416.935(b)(2)(i)).

Shortly after the law was amended to provide that a claimant could not be disabled by substance abuse alone, the Social Security Administration sent out a teletype on applying the law. *McGoffin v. Barnhart*, 288 F.3d 1248, 1253 (10th Cir. 2002). "This teletype stated that '[w]hen it is not possible to separate the mental restrictions and limitations [imposed by drug and alcohol abuse] and the various other

mental disorders shown by the record, a finding of 'not material' would be appropriate." *Id.* "In other words, the agency directed that if the effects of a claimant's mental illness could not be separated from the effects of substance abuse, the abuse would be found *not* to be a contributing factor material to the disability determination." *Id.*

The teletype also "directs that where a medical or psychological examiner cannot project what limitations would remain if the claimant stopped using drugs or alcohol, the disability examiner should find that [drug abuse and alcoholism] is not a contributing factor material to the disability determination." *Salazar v. Barnhart*, 468 F.3d 615, 623 (10th Cir. 2006). Finally, the teletype instructs that where the record is devoid of any medical or psychological report, opinion, or projection as to the claimant's remaining limitations if he or she stopped substance abuse, an ALJ should "find that [substance abuse] is not a contributing factor material to the determination of disability." *Id.* at 624.

The first issue relevant to this determination is the ALJ's finding that Plaintiff's bipolar disorder is not severe in the absence of alcohol abuse. This finding permitted the ALJ to opine that there were jobs in the national economy that Plaintiff could perform, and that as a result he was not disabled. This is significant since it is appears from the ALJ's findings that if the bipolar disorder *was* severe in this context, Plaintiff would be found disabled. That is because the ALJ found that when Plaintiff's bipolar disorder was severe, Plaintiff had the RFC for significantly less than the mental demands required by competitive remunerative work on a sustained and consistent basis at any exertional level. In that situation, the ALJ found that there are no jobs that Plaintiff could perform in the national economy.

The ALJ relied on the testimony of testimony of Dr. Dusay in finding that the bipolar disorder was not severe in the absence of substance abuse. Dr. Dusay was a medical expert who testified at the hearing on the issue of the severity of Plaintiff's bipolar disorder and whether the bipolar disorder would still be disabling if Plaintiff stopped using alcohol. He did not actually examine Plaintiff but performed a records review. (R. 485.) Dr. Dusay was first asked by the ALJ whether Plaintiff's bipolar disorder was independent of the alcohol problem. (*Id.*) In response, Dr. Dusay testified that "the bipolar disorder would be there with or without alcohol" and that "the severity of the bipolar disorder was enhanced by the alcohol." (*Id.*) In support of this testimony, Dr. Dusay referred to the RFC evaluation (mental) prepared by treating physician Dr. Rodriguez. (*Id.* 485.) Dr. Rodriguez opined that alcohol and/or drug use significantly contributed to the severity of Plaintiff's mental impairments when Plaintiff was abusing. (*Id.* 409). Dr. Rodriguez did not, however, fill out the section of the form that asked for his opinion as to whether the mental impairment would be of equal severity even in the absence of alcohol and/or drug abuse. (*Id.*)

Dr. Dusay went on to testify in response to questioning by the ALJ that he thought that alcohol did contribute to the severity of the bipolar disorder, that he did "not think that the bipolar disorder is a severe disorder", and that it is "well controlled by very small amounts of lithium", although he did not specifically state whether this finding of non-severity was based on an assumption that no alcohol was present. (R. 486.) The ALJ then asked Dr. Dusay "from a psychiatric point of view, in the absence of alcohol, you would not expect the bipolar disorder to have any mental limitations." (*Id.*)

Dr. Dusay responded as follows:

> Well, your Honor, I've looked at the whole record and I had a very hard time finding real symptoms and signs of bipolar. Dr. Rodriguez, in his reports, never did do a mental status examination so I had problems with that and I don't think Rodriguez was a treating doctor, or if he was, I didn't see any of his notes. But he did write two reports. He also wrote one in 2005.
>
> . . .
>
> And at that time, he thought the alcohol abuse was quite significant. He made a diagnosis of continual alcohol abuse, in additional to bipolar depression, signs. So, he's not had the typical bipolar, severe bipolar history, hospitalizations, multiple emergency room visits for mood. He's had pain problems and I don't think that this situation is, basically, I don't think that the bipolar alone would meet or equal a listing" without the alcohol. With alcohol abuse, I think it's certainly, at times, could meet a listing. . . .

(*Id.*)

Dr. Dusay was then questioned by Plaintiff's attorney. He was asked about whether he could provide an opinion regarding the RFC evaluation for mental health and the approximately 20 subcategories contained therein. (R. 490-91.) Dr. Dusay stated that he agreed with what Dr. Rodriguez marked down in his RFC evaluation. (*Id.*) He further stated that it was not a matter of whether or not Plaintiff was impaired, but how much of the impairment the alcohol use contributes to. (*Id.* 491). Plaintiff's attorney next asked Dr. Dusay whether he would be able to render an opinion regarding the subcategories in the RFC evaluation regarding the level of mental impairments (none to extreme) without considering alcohol abuse." (*Id.*) Dr. Dusay stated:

> I would, I haven't seen any sustained. I *would just be dealing theoretically*. If a person that had been a heavy drinker has bipolar, I think, as far as I can tell, even with the drinking that's been going on, his bipolar disorder has not been, at a daunting level. *And so for me to guess, and this is only a guess now, I don't think he would have marked impairments if it was just based on his bipolar itself*. I don't think this is a marked bipolar problem. . . I don't think

that would be marked in the absence of alcohol. *But that is simply, I have no case oriented ability to say that about him because I don't think there's been anything, any sustained remission at a 12-month period.*

(*Id.* at 490-91) (emphasis added).

Plaintiff's attorney then asked that Dr. Dusay provide some additional opinions about the mental RFC form. (R. 493.) The ALJ stated in response, "I think he's pretty much said that he can't give a valid opinion until there's sobriety for 12 months and I don't think there's a need to get that repeated again. (*Id.* 494.) Accordingly, he foreclosed any further questioning on this issue.

Despite the fact that the ALJ stated that Dr. Dusay could not give a valid opinion on the mental impairments until there was sobriety for 12 months, the ALJ relied in his decision on Dr. Dusay's testimony to find that Plaintiff's bipolar disorder, in the absence of alcohol abuse, is not severe. (R. 10J). Specifically, he stated as follows:

> Dr. Dusay testified that the bipolar disorder is well controlled on lithium as shown by the lack of any documented mania. To the extent that the bipolar disorder produces some depression, the Claimant's substance abuse magnifies this. Dr. Dusay opined that the Claimant's bipolar disorder has been lifelong and that there was no medical reason to believe that it has become any more severe since the Claimant was able to work in the 1990s. The claimant would have to maintain sobriety for more than six months or more for a medical professional to be able to determine that his bipolar disorder is worse now than previously.

*Id.*

I agree with Plaintiff that the ALJ's finding that Plaintiff's bipolar disorder was not severe in the absence of substance abuse is not supported by substantial evidence as the ALJ failed to properly weigh all the opinions of medical expert Dr. Dusay. I also find that the ALJ selectively applied the evidence presented by Dr. Dusay. On the one

hand, Dr. Dusay opined that he thought the bipolar disorder was not severe without alcohol abuse. He then went on, however, to state that he could only "guess" what mental health limitations remained without substance abuse because he did not find the substance abuse was in sustained remission for 12 months.

The ALJ's decision ignored Dr. Dusay's later testimony that he was unable to separate the effects of bipolar disorder from substance abuse without merely guessing. Instead, he chose to include only Dr. Dusay's opinions that supported his decision. (*See* R. 10-D – 10-O.) This was error. "It is improper for the ALJ to pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence" *Hardman v. Barnhart,* 362 F.3d 676, 681 (10th Cir. 2004). In other words, an ALJ cannot ignore evidence which does not support his decision. *Briggs v. Massanari*, 248 F.3d 1235, 1239 (10th Cir. 2001). Instead, the ALJ must discuss the probative evidence he chooses to reject. *Grogan v. Barnhart*, 399 F.3d 1257, 1266 (10th Cir. 2005). The ALJ did not comply with these rules.

The ALJ also ignored his own statement in the hearing that "he's [Dr. Dusay] pretty much said that he can't give a valid opinion [on the Plaintiff's mental health limitations when separating out substance abuse] until there's sobriety for 12 months and I don't think there's a need to get that repeated again." (R. 494). There is no evidence that Plaintiff has even approached 12 consecutive months of sobriety. It is improper for the ALJ to pick and choose among the evidence in this fashion.

The ALJ also relied on a medical opinion he incorrectly attributed to Dr. Dusay in an attempt to support his decision. The ALJ wrote that "Dr. Dusay opined that the

-10-

Claimant's **bipolar disorder** has been lifelong and that there was no medical reason to believe that it has become any more severe since the Claimant was able to work in the 1990's." (R. 10-J, within Finding 11) (emphasis added). The ALJ mistakenly believed Dr. Dusay provided this opinion regarding the bipolar disorder. In fact, Dr. Dusay provided this opinion in regard to Plaintiff's antisocial personality disorder. (*Id.* 485.) Thus, this finding does not support the ALJ's decision to find that the bipolar disorder was not severe. This is a crucial error, since the case turns on the issue of what effects from the Plaintiff's bipolar disorder continue to exist in the absence of substance abuse.

I also find error in that the ALJ failed in his decision to actually state what weight he gave to Dr. Dusay's opinion, even though it appears he gave it weight, and because the ALJ did not appear to weigh Dr. Dusay's opinions using the factors set out in 20 C.F.R. § 416.927(a)-(e).

Finally, I find that no medical provider other than Dr. Dusay provided an opinion on whether the effects of the substance abuse could be separated from the effects of the bipolar disorder. The issue then becomes whether the ALJ's findings that the bipolar disorder will not be severe in the absence of substance abuse and that substance abuse was a contributing factor material to the disability were supported by substantial evidence. Plaintiff argues that if the ALJ had properly weighed Dr. Dusay's opinions, the ALJ would have found that the effects of the bipolar disorder could not be separated from the effects of the substance abuse, resulting in a finding of disability.

As noted above, while the ALJ relied on Dr. Dusay's testimony that the Plaintiff's bipolar disorder was not a severe impairment in the absence of substance abuse,

-11-

Dr. Dusay ultimately stated he could only "guess" as to how the bipolar disorder, without the effects of alcohol, would limit Plaintiff's mental health because he did not find the substance abuse was in sustained remission for 12 months. This is supported by the ALJ's own finding at the end of Dr. Dusay's testimony that because there was no 12 month period of sobriety, Dr. Dusay was unable to render opinions on Plaintiff's mental health limitations due to the bipolar disorder while excluding the effects of alcohol abuse. (R. 494.) Indeed, the ALJ foreclosed any further questioning on this issue because of this.

From the foregoing, I find that Dr. Dusay's opinions do not provide substantial evidence for the ALJ's finding that Plaintiff's bipolar disorder was not severe in the absence of substance abuse. I also find that the ALJ's conclusion that Plaintiff's substance abuse disorder was a contributing factor material to the determination of disability is also not supported by any other evidence. As the Tenth Circuit made clear in *Salazar*, where a medical examiner such as Dr. Dusay cannot project what limitations would remain if the claimant stopped using drugs or alcohol, the disability examiner should find that substance abuse is not a contributing factor material to the disability determination. *Salazar*, 468 F.3d at 623. The same is true when from the record it is not possible to separate the mental restrictions and limitations imposed by substance abuse and the other mental disorders shown by the record. *McGoffin*, 288 F.3d at 1253.

Thus, if the ALJ had correctly applied the law, he would been required to find that Plaintiff's substance abuse was not a contributing factor material to the

-12-

determination of disability.  He would also have been required to find that Plaintiff's bipolar disorder was severe and that Plaintiff was disabled based on that disorder.

Finally, I agree with Plaintiff that outright reversal is required since there is no record evidence to support the ALJ's findings regarding the impact of Plaintiff's mental impairments without alcohol/drug abuse.  The Commissioner is directed to award Plaintiff award benefits, without a remand for a new hearing.

IV.   CONCLUSION

Based on the foregoing, it is

ORDERED that this case is **REVERSED**, and the case is **REMANDED** to the Commissioner for an immediate award of benefits to Plaintiff.

Dated:  March 31, 2010

                                          BY THE COURT:

                                          s/ Wiley Y. Daniel
                                          Wiley Y. Daniel
                                          Chief United States District Judge